## NEW YORK—NOVEMBER, 1875. 167

Rosenthal v. The Mayor, Aldermen and Commonalty of the City of New York.

ι

### RICHARD S. ROSENTHAL *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

(Decided November 1st, 1875.)

One A. being employed as interpreter to the county courts of the city and county of New York, the board of supervisors on May 26th, 1870, passed a resolution providing that the "salary of A., general interpreter," &c., should be $3,500 per annum, and subsequently, in 1874, by an act of the legislature (L. 1874, ch. 566), this resolution was confirmed, ratified and legalized, and the comptroller of the city and county of New York was directed to pay him his salary at that rate, for the term unpaid for. *Held*, the resolution and the statute ratifying it, were for the personal benefit of A. only, and did not extend to the benefit of plaintiff, who succeeded him as interpreter.

*It seems*, that the resolution of the board of supervisors was without authority in that body to pass it, and was void. Per ROBINSON, J.

*It seems*, that no such officer as general interpreter to the county courts in the city and county of New York has ever been created by law, and that the interpreter employed in those courts is simply an attendant, and not an officer of the court. Per ROBINSON, J.

APPEAL by the plaintiff from a judgment of this court, entered on the decision of Judge LARREMORE, after a trial before him without a jury. The facts are stated in the opinion.

*A. Oakey Hall*, for appellant.

*D. J. Dean*, for respondent.

ROBINSON, J.:—Plaintiff seeks to recover from the defendants, a balance alleged to be due him for salary as general interpreter of the criminal courts of the county of New York, duly appointed and acting as such for the months of July, August and September, 1874, which he alleges he was entitled to receive at the rate of $3,500 per annum, payable monthly in installments of $375 per month. He admits payment of $500 on account, and has recovered a balance of $250, being at the rate of $3,000

per annum, as to which no exception is taken by the defendants. The answer does not deny the appointment of the plaintiff to that position, or his performance of the services, but only presents as a defense that his salary or compensation was limited by virtue of a resolution of the board of supervisors, passed November 17, 1873, three days prior to plaintiff being selected for the position, which was in these words:

" Resolved, that the judges of the Court of General Sessions, of the city and county of New York, be and are hereby authorized and directed to appoint a properly qualified person to act as interpreter to the courts of the county of New York, to be certified under their hands, and such certificate of their appointment to be filed with the clerk of said Court of General Sessions. Such interpreter being qualified under such appointment, shall be entitled to receive an annual salary thereafter, at the rate of $3,000 per annum, for the years 1873 and 1874, if he shall so long continue in office."

This resolution was *ultra vires*. No power existed in the board of supervisors to appoint any such officer as interpreter to the county courts, or to delegate any such authority to the judges of the Court of General Sessions. By chapter 438 of the Laws of 1872, the judges of the Supreme, Superior and Common Pleas Courts, and of the Court of General Sessions, were authorized to appoint such officers to attend their respective courts as to the judges should appear to be necessary. The salaries of such officers were to be fixed by the common council, and it was enacted that the salary of each officer or attendant was in no case to exceed $1,200 per annum, and also that no other officer or clerk should be appointed by said judges than as therein provided for, neither should any officer or clerks for said courts be appointed by any other person or authority. The authority thus attempted, by the resolution of the board of supervisors, of November, 1872, to be conferred on the judges of the Court of General Sessions, to appoint an interpreter " to the courts of the county," was an entire assumption of control over the matter, wholly inoperative so far as it exceeded the particular authority given to those judges by the act of 1872 (chap. 435), and the attempt to fix the salary of any such official or attendant, was in derogation

NEW YORK—NOVEMBER, 1875.        169

Rosenthal v. The Mayor, Aldermen, and Commonalty of the City of New York.

of the power over that subject previously conferred upon the common council by the act of 1872 (chap. 438).

The plaintiff, aside from the consideration hereafter given to the provisions of the act of 1874 (chap. 566), was, by the act of 1872, limited in his compensation to a sum to be fixed by the common council not exceeding $1,200 per year, and had no right to demand payment at the rate of $3,000, as recovered.

He, however, claims compensation at the rate of $3,500 per annum, under the provisions of chap. 566 of the Laws of 1874. One, Louis Kazinski, had previously held or been nominated to the position of general interpreter to the county courts, and the board of supervisors, on the 26th of May, 1870, passed a resolution as follows : " Resolved, that the salary of Louis Kazinski, general interpreter to the courts of the county of New York, be and the same is hereby fixed at $3,500 per annum, to take effect January 1, 1870." The legislature, by the act of 1874 (chap. 566), above referred to, entitled " An act in relation to the general interpreter of the criminal courts of the county of New York," enacted as follows : " § 1. The resolution passed by the board of supervisors of the county of New York, on the 26th day of May, 1870, and approved by the mayor of the city of New York, on the 27th day of May, 1870, so far as it concerns the general interpreter of the criminal courts of the county of New York, increasing his salary to $3,500 per year, is hereby confirmed, ratified and legalized, and the comptroller of the city and county of New York, is hereby directed to pay to said interpreter, or his personal or legal representatives, said salary at the said rate for the term unpaid for."

No such officer as that of general interpreter of the criminal courts of the county of New York had ever theretofore been created by law, nor had Louis Kazinski legally held any position in the courts other than that of attendant acting as interpreter. The only other provision of law recognizing the appointment of any person to act in the position of interpreter in any of the courts of this county, is found in chap. 563 of the Laws of 1863, authorizing the appointment of a " stenographer and interpreter " for the Court of Special Sessions. The position of interpreter was not that of an officer holding an office with public functions

attached thereto.    An interpreter is nowhere recognized by common law or statute, as one holding an official position as an officer of any court, or having independent functions or duties affecting the public interests.    If employed by force of any provision of law, to attend the court, he is at most an *attendant* thereon, to be used as occasion may require, as an *expert* to translate to the court and jury the evidence given by the witnesses.    His employment grows out of the necessities of the case on trial (*Morris* v. *Leonard*, 3 Carr. & P. 127; Gr. Ev. § 366; 2 Ph. Ev. Edwards' ed. 883), just as any general exigency incident to the trial of causes.    He is subject to the same rules of objection and exclusion as other witnesses, growing out of confidential communications or want of capacity, and especially to the discretion of the judge in discriminating between him and other experts, capable of making a better translation of the testimony offered by the principal witnesses.    The oath to be administered him is of a special character, and any statute conferring on him any functions independent of the court, would be of doubtful validity.    It is true, any statutory enactment awarding to any person, as so attending for the convenience of the court, any specified salary or compensation, would be effective, but in view of the preceding considerations, as well as those hereinafter stated, it cannot be maintained that plaintiff was entitled to any benefit from the provisions of the act of 1874.    The act itself simply confirmed the resolution of the board of supervisors, which awarded Louis Kazinski, personally, an increased rate of compensation.    It evinces no intent to establish such an office as that of general interpreter for the criminal courts, or to insure the successor in office the increased salary.    It merely recognized Kazinski as having performed such of said duties as resulted from his attendance on the criminal courts, and awarded him compensation, not in accordance with the precise terms of the resolution *which fixed his salary* "*as general interpreter of the county courts*," but accorded to him the like salary, but for a portion of the duties assumed to have been performed by him, to wit, for his services as "general interpreter of the *criminal* courts of the county of New York," and directed payment at that rate, to him or his legal

representatives, for the term *unpaid for*. As an officer, he would have been entitled to his salary notwithstanding his neglect of his duties, while as an employee or attendant, he was entitled to his salary or wages only on full performance of the duties of his employment, and from this consideration, and the fact that the services of such portion of the duties as general interpreter for the county courts as he performed for the criminal courts of the county were only recognized, the occasion and necessity of the act as one for his *personal relief* or benefit becomes apparent. As the plaintiff has already recovered more than he was entitled to, he has no ground of complaint.

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Judgment affirmed.